July 17, 2026

**VIA ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *GameRun Inc. v. Insalaco*, No. 26-cv-04340 (LJL)
Letter Motion for Leave to File Exhibits F-2 and F-3 to the Reply Affidavit of Michael Insalaco Under Seal

Dear Judge Liman:

I am the Defendant in the above-captioned action, appearing *pro se*. Pursuant to the Court's Individual Practices in Civil Cases governing redacted and sealed filings and the sealed-filing procedures set forth in this District's ECF Rules & Instructions, I respectfully move for leave to file under seal two exhibits to my Reply Affidavit, submitted today in further support of my pending motion for a preliminary injunction, which is scheduled for a hearing on July 22, 2026: (1) **Exhibit F-2**, an investor presentation prepared and furnished by Plaintiff GameRun Inc. ("GameRun"); and (2) **Exhibit F-3**, financial projections prepared and furnished by GameRun. Contemporaneously with this letter, I am filing the unredacted exhibits under seal on ECF with the viewing level restricted to the Court and the parties, and I am filing slip sheets in their place on the public docket.

Both exhibits were furnished to me by GameRun subject to a Mutual Non-Disclosure Agreement between GameRun and me dated March 9, 2026 (the "NDA"), executed in connection with my evaluation of an investment in GameRun. The NDA defines "Confidential Information" to include "all forms and types of financial, business, scientific, technical, economic, or engineering information," including "plans," "compilations," and "designs" (NDA § 1); prohibits the recipient from "disclos[ing], distribut[ing] or disseminat[ing] the Confidential Information to any third party without the prior written consent of the Disclosing Party" (NDA § 2); and provides that, where Confidential Information must be disclosed in connection with legal process, the recipient "shall use its best efforts to insure that confidential treatment shall be afforded such disclosed portion of the Confidential Information" (NDA § 6). This letter motion, which is served on GameRun's counsel through ECF, also constitutes written notice to GameRun under Section 6 of the NDA.

I recognize that, because the exhibits are submitted in support of preliminary injunctive relief, they are judicial documents to which a presumption of public access attaches, and that they may be sealed only upon "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). The confidentiality interests at stake, however, are GameRun's, not mine: the exhibits consist of GameRun's nonpublic investor presentation and financial projections, containing the categories of proprietary financial, valuation,

and business-planning information that courts in this District have found sufficient to overcome the presumption of access upon a proper showing. See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C., 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (sealing exhibits to a reply declaration in preliminary injunction proceedings that contained “highly proprietary material concerning the defendants’ marketing strategies, product development, costs and budgeting”).

Because the confidential-treatment interest belongs to GameRun, I file the exhibits under seal provisionally — to honor my contractual obligations under the NDA and to preserve the status quo pending the Court’s determination — and I take no position on whether continued sealing is warranted under Lugosch. That burden rests with GameRun as the party claiming confidentiality. If GameRun does not seek continued sealing, or does not make the required particularized showing, I do not oppose the unsealing of the exhibits in whole or in part. I further submit that any continued sealing should be no broader than necessary; if GameRun identifies only portions of the exhibits warranting protection, targeted redactions rather than wholesale sealing would be the appropriate course.

Accordingly, I respectfully request that the Court: (1) grant leave to maintain Exhibits F-2 and F-3 to my Reply Affidavit under seal on a provisional basis, with access limited to the Court and the parties; and (2) direct GameRun to advise the Court, within such time as the Court deems appropriate, whether it seeks continued sealing and, if so, to make the particularized showing Lugosch requires, including any proposed narrowly tailored redactions.

I thank the Court for its attention to this matter.

Respectfully submitted,

Michael Insalaco
Defendant, *pro se*

5990 Lindell Road
Las Vegas, NV 89118
Email: michael.g.insalaco@gmail.com
Telephone: (646) 709-7662

cc: All counsel of record (via ECF)

The Court construes Defendant’s motion as one to permit the filing under seal of the reply memorandum at Dkt. No. 40. So construed, the motion is granted. Defendant has filed a redacted copy of the reply memorandum at Dkt. No. 39 and the redactions are limited to confidential commercial information. Recognizing that there is a presumption of public access to judicial documents and applying a strong presumption of access to information submitted in connection with the motion for a preliminary injunction, the presumption is overcome by Plaintiff’s countervailing interest in the continued confidentiality of its private commercially sensitive business information. *See Spencer-Smith v. Ehrlich*, 2026 WL 206998, at *2 (S.D.N.Y. Jan. 27, 2026). The Clerk of Court is respectfully directed to close the motion at Dkt. No. 38.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

July 21, 2026