USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/31/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAMERUN INC., Plaintiff, -v- MICHAEL INSALACO, Defendant. | 26-cv-4340 (LJL) |
| MICHAEL INSALACO, Counterclaim Plaintiff, -v- GAMERUN INC., Counterclaim Defendant. | ORDER |

LEWIS J. LIMAN, United States District Judge:

The Court received the attached correspondence from Plaintiff via email. Plaintiff's letter motion to direct the Clerk of Court and the *Pro Se* Intake Unit to docket his reply affidavit *nunc pro tunc* with a filing date of July 17, 2026 is DENIED. As indicated on the record at the July 22, 2026 hearing on Plaintiff's motion for a preliminary injunction, the Court will consider Plaintiff's reply papers to be timely filed.

The Clerk of Court is respectfully directed to terminate Dkt. No. 45.

SO ORDERED.

Dated: July 31, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge

Outlook

**Outstanding Letter Motion - Gamerun Inc. v. Insalaco -26cv4340**

**From** Michael Insalaco <michael.g.insalaco@gmail.com>
**Date** Fri 7/31/2026 1:36 PM
**To** Liman NYSD Chambers <LimanNYSDChambers@nysd.uscourts.gov>
**Cc** jshapiro@theshapirofirm.com <jshapiro@theshapirofirm.com>; Robert J. Shapiro, Esq. <rshapiro@theshapirofirm.com>

1 attachment (553 KB)
Letter Motion to Judge Liman.pdf;

**CAUTION - EXTERNAL:**

Good Afternoon:

I am the Defendant, appearing *pro se* in this action.

The attached Letter Motion, dated and filed as of July 22, 2026, remains outstanding. This Letter Motion requests that the Court enter an Order directing the Clerk of Court and the *Pro Se* Intake Unit to docket the Reply Affidavit *nunc pro tunc* with a filing date of July 17, 2026, the date I filed it with the Pro Se Intake Unit.

As mentioned in this letter, this request is critically important to maintaining an accurate record in this action, including reflecting that all my Reply papers were timely pursuant to the Court's June 9, 2026 Order setting the deadline to file such papers, and because it relates to the Court's July 28, 2026 Order from which I have taken an appeal.

I write today because the Docket contains a Letter Motion filed 5 days after the attached Letter Motion, on July 27, 2026, which Judge Liman signed by Memo Endorsement the following day and the attached prior Letter Motion remains pending (and perhaps just got lost in the shuffle of pending matters).

Respectfully, I reiterate my request that the Court approve the request set forth in the attached pending Letter Motion.

Counsel to the remaining parties in the action are copied on this correspondence.

Respectfully submitted,

Michael Insalaco
Defendant, *pro se*
michael.g.insalaco@gmail.com

On Mon, Jun 8, 2026 at 8:21 AM Liman NYSD Chambers <LimanNYSDChambers@nysd.uscourts.gov> wrote:

> Good Morning Everyone,
>
> Please use the following link to access today's conference at 11:00AM via Microsoft teams video conference. If you have any issues accessing the hearing, please let me know. Feel free to share the link with any of your colleagues or other parties that may not have been included in this email.
>
> Join on your computer, mobile app or room device
>
> Click here to join the meeting
>
> Meeting ID: 223 462 713 91
>
> Passcode: JugQmT
>
> Matthew Fishman
> Courtroom Deputy to the Honorable Lewis J. Liman
> United States Courthouse
> 500 Pearl Street
> New York, New York 10007
> (212) 805-0226
> matthew_fishman@nysd.uscourts.gov
>
> ---
>
> **From:** Liman NYSD Chambers
> **Sent:** Thursday, June 4, 2026 12:46 PM
> **To:** 'michael.g.insalaco@gmail.com' <michael.g.insalaco@gmail.com>; 'jshapiro@theshapirofirm.com' <jshapiro@theshapirofirm.com>; 'kristin@gamerun.ai' <kristin@gamerun.ai>; 'kapil@gamerun.ai' <kapil@gamerun.ai>
> **Subject:** **ORDER** Hearing on Motion for TRO for 6/8 - Gamerun Inc. v. Insalaco -26cv4340
>
> Good Afternoon Everyone,
>
> Please find attached Order issued by the Court converting Monday's hearing at 11AM to a Microsoft Teams video conference. A follow-up email will be sent tomorrow to all parties with a link to access the hearing.
>
> Thank you,
>
> Matt Fishman
> Courtroom Deputy to the Honorable Lewis J. Liman
> United States Courthouse
> 500 Pearl Street
> New York, New York 10007
> (212) 805-0226
> matthew_fishman@nysd.uscourts.gov

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

July 22, 2026

**VIA EMAIL TO THE PRO SE INTAKE UNIT**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:** *GameRun Inc. v. Insalaco*, No. 26-cv-04340 (LJL)
**Letter Motion to Direct Entry of Reply Affidavit *Nunc Pro Tunc* to July 17, 2026**

Dear Judge Liman:

I respectfully submit this Letter Motion to request that the Court direct the Clerk of Court, through the Pro Se Intake Unit, to docket my Reply Affidavit in support of my Reply Memorandum of Law in further support of my renewed motion for a preliminary injunction with a filing date of July 17, 2026 — the date on which I transmitted the Reply Affidavit, together with the accompanying Reply Memorandum, by email to the Pro Se Intake Unit and requested that both be filed (Exhibit A hereto).

Despite assurances from the Pro Se Intake Unit on Monday, July 20, 2026 at 4:32 p.m. that the Reply Affidavit would be filed "by the end of the day," and again on Tuesday, July 21, 2026 at 2:42 p.m., the Reply Affidavit had not been filed as of the hearing before Your Honor today, Wednesday, July 22, 2026, at 9:30 a.m. After the hearing, the Pro Se Intake Unit supervisor, Mr. Nick Brucato, advised me that the Reply Affidavit exceeded the maximum electronic file size for a single filing, and that a conforming Reply Affidavit would bear a filing date on the Docket as of the prospective date of its re-receipt by the Pro Se Intake Unit — not July 17, 2026, the date of my original transmittal and filing request — unless the Court directs otherwise.

Every one of my prior filing requests to the Pro Se Intake Unit in this action has been entered on the Docket days after my transmitting email, but with a filing date relating back to the date of that email. This filing should be treated no differently. Under settled Second Circuit law, no Court approval should even be necessary for the Reply Affidavit's filing date to relate back to my July 17, 2026 email request; because the Pro Se Intake Unit, through Mr. Brucato, has nonetheless required such approval, I respectfully seek it here.

The law of this Circuit is clear that a pro se litigant's paper is deemed filed when it is *received* by the Court's pro se office, not when the Clerk later enters it on the docket. In Toliver v. County of Sullivan, 841 F.2d 41, 42 (2d Cir. 1988) (per curiam), the pro se clerk's office of this District received the plaintiff's complaint but did not docket it as "filed" until weeks later; the Second Circuit reversed the resulting untimeliness dismissal, holding that "[t]his delay should not work to [the pro se litigant's] disadvantage" and that the paper is treated as filed "provided the complaint was received by the clerk's office" in time. Accord Rosenberg v. Martin, 478 F.2d 520, 522 n.1a (2d Cir. 1973) (Friendly, C.J.). Judges of this District have applied that rule categorically: "The law is clear in this Circuit that a complaint is deemed filed for statute of limitations and

similar purposes when received by the Court's Pro Se Office." Fletcher v. Runyon, 980 F. Supp. 720, 721–22 (S.D.N.Y. 1997); see also Smith v. Henderson, 137 F. Supp. 2d 313, 317 n.2 (S.D.N.Y. 2001) ("In the wake of Toliver, district courts are ruling that all complaints filed by pro se litigants are filed at the time of receipt by the Pro Se Office") (collecting cases).

The Second Circuit has specifically held that errors and processing obstacles arising within the pro se office itself may not be construed against the pro se litigant. In Ortiz v. Cornetta, 867 F.2d 146 (2d Cir. 1989), the pro se office received a complaint in time but returned it to the litigant for "correction," and the corrected copy arrived after the deadline. The Court of Appeals reversed the dismissal, holding that "[o]nce a pro se litigant has done everything possible to bring his action, he should not be penalized by strict rules which might otherwise apply if he were represented by counsel," Id. at 148, and admonished that pro se offices must ensure their procedures do not cause "the system specifically designed to assist pro se litigants" to "work to their direct disadvantage," Id. at 149. That is precisely this circumstance here and as a result, an identical Reply Affidavit compressed to a conforming file size cannot alter my filing date. The Federal Rules command the same result: "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice," Fed. R. Civ. P. 5(d)(4), and "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply," Fed. R. Civ. P. 83(a)(2). A maximum electronic file size is quintessentially a "requirement of form." See also Sidney v. Wilson, 228 F.R.D. 517, 522–23 (S.D.N.Y. 2005) (Marrero, J.) (delay "attributed to the amount of time it took the Court's Pro Se Office to process" a pro se paper excused the resulting missed deadline).

These holdings reflect the "special solicitude" owed to pro se litigants in this Circuit, which extends fully to procedural matters. Tracy v. Freshwater, 623 F.3d 90, 101–02 (2d Cir. 2010). Nor would the requested relief prejudice Plaintiff: the Reply Affidavit was transmitted on July 17, 2026 in the same email as the Reply Memorandum [ECF No. 39], its content has not changed, and the conforming copies I am resubmitting to the Pro Se Intake Unit are identical in substance to what the Unit received on July 17, 2026.

Accordingly, I respectfully request that the Court enter an Order directing the Clerk of Court and the Pro Se Intake Unit to docket the Reply Affidavit *nunc pro tunc* with a filing date of July 17, 2026, and deeming an identical, size conforming Reply Affidavit be filed as of that date for all purposes in connection with my renewed motion for a preliminary injunction.

I thank the Court for its attention to this matter, which is critically important to maintaining an accurate record in this action, including reflecting that all my Reply papers were timely pursuant to the Court's June 9, 2026 Order setting the deadline to file such papers.

Respectfully submitted,

Michael Insalaco
Defendant, *Pro Se*

cc: All Counsel of Record (via email)

# Exhibit A

Gmail Michael Insalaco <michael.g.insalaco@gmail.com>

## 7-17-2026 Pro Se filing request: case 26-cv-04340

1 message

**Michael Insalaco** <michael.g.insalaco@gmail.com> Fri, Jul 17, 2026 at 3:47 PM
To: prose@nysd.uscourts.gov

Hi Pro Se Intake Unit. I am the *pro se* Defendant in the above lawsuit. Can you please file the following attached documents on my behalf in this lawsuit?

- Defendant's Reply Memorandum in Further Support of His Renewed Motion for Preliminary Injunction, dated July 17, 2026
- Reply Affidavit of Michael Insalaco, dated July 17, 2026
- Certificate of Service, dated July 17, 2026

Thank you. Feel free to reach me if you have any questions or require anything for me.

Michael Insalaco
Defendant, *pro se*
5990 Lindell Road
Las Vegas, NV 89118
Email: michael.g.insalaco@gmail.com
Telephone: 646-709-7662

**3 attachments**

**Defendant Reply Memoradum in Support of Renewed PI Motion_7-17-2026.pdf**
541K

**Reply_Affidavit_of_Michael_G_Insalaco with exhibits.pdf**
19523K

**Certificate of Service - July 17 2026.pdf**
132K