USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/05/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GAMERUN INC.,

Plaintiff,

-v-

MICHAEL INSALACO,

Defendant.

MICHAEL INSALACO,

Counterclaim Plaintiff,

-v-

GAMERUN INC.,

Counterclaim Defendant.

26-cv-4340 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant/Counterclaim-Plaintiff/Third-Party Plaintiff Michael Insalaco ("Insalaco") moves, pursuant to Federal Rule of Appellate Procedure 8(a)(1), for an injunction pending appeal to the United States Court of Appeals for the Second Circuit from this Court's Opinion and Order (the "Opinion"), dated July 28, 2026, denying his motion for a preliminary injunction. Dkt. No. 62. In its Opinion, the Court found that Insalaco did not establish any of the elements necessary to grant preliminary injunctive relief. Dkt. No. 53; *GameRun Inc. v. Insalaco*, 2026 WL 2169847 (S.D.N.Y. July 28, 2026). For the reasons that follow, Insalaco's motion is denied.

Federal Rule of Appellate Procedure 8(a)(1)(C) permits a party to move the district court for an order granting an injunction while an appeal is pending. Fed. R. App. P. 8(a)(1)(C).

Courts have employed varying formulations of the showing that must be made. The First and Fifth Circuits have held that to obtain an injunction pending appeal, the movant "must show (1) a strong likelihood of success on the merits; (2) irreparable injury in the absence of an injunction; (3) that the balance of hardships weighs in their favor if injunctive relief is granted; and (4) that the public interest favors such relief." *Whole Woman's Health v. Jackson*, 13 F.4th 434, 441 (5th Cir. 2021) (citing *Fla. Businessmen for Free Enter. v. City of Hollywood*, 648 F.2d 956, 957 (5th Cir. 1981)); *see also Together Emps. v. Mass Gen. Brigham Inc.*, 19 F.4th 1, 7 (1st Cir. 2021) (same). The Second Circuit has held that in the related context of an application for a stay pending appeal, "a court must evaluate the following factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Regardless of which formulation is employed, Insalaco falls far short of the necessary showing.

Insalaco has not shown a likelihood of success. As the Court explained in the Opinion, Insalaco engaged in an unseemly bait-and-switch in this case and in prosecuting the motion for a preliminary injunction.[1] *GameRun*, 2026 WL 2169847, at *7. He founded his complaint and his motion on the ultimately untenable notion that because Plaintiff GameRun Inc. ("GameRun") did not file a Form D with the United States Securities and Exchange Commission ("SEC"), it was required to register the SAFE Agreement it entered with him with the SEC. *Id.* at *4–5. That

[1] The Court notes that Insalaco is a sophisticated investor who is trained as a lawyer. *GameRun*, 2026 WL 2169847, at *1–2.

argument was flatly wrong, and Insalaco has never made any attempt to defend it. It was only when GameRun demonstrated in its opposition to the motion for a preliminary injunction that Insalaco's argument was wrong that Insalaco pivoted to the new argument that the SAFE Agreement would not have qualified as a private placement even if a Form D had been filed. *Id.* at *6–7. The Federal Rules of Civil Procedure do not tolerate such gamesmanship. In any event, Insalaco has not shown that the SAFE was not a private placement. *Id.* at *6 n.5.

Insalaco did not show, and has not shown, irreparable harm. Insalaco falsely claims that the Court ruled against him on the basis of the Supreme Court's decision in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999). Dkt. No. 64 at 5. The Court did not dispose of the motion based upon *Grupo Mexicano*. *See GameRun*, 2026 WL 2169847, at *9 n.8. It denied the motion because Insalaco had not shown that he would suffer irreparable harm if GameRun were permitted to operate without restraint until the conclusion of the case on the merits. *Id.* at *8–9. Insalaco has not identified any error in the Court's analysis. Insalaco argues that he will suffer irreparable harm if the case is permitted to proceed to the merits without an injunction because he seeks rescissory relief. Dkt. No. 64 at 5–7. But the question is not whether the movant seeks equitable or legal relief. It is whether that relief would be ineffective to address the movant's harm if an injunction is not issued. *See GameRun*, 2026 WL 2169847, at *8. Insalaco did not make that showing. It is not enough that GameRun will spend the money that Insalaco invested with it. *See* Dkt. No. 64 at 5. GameRun raised money to invest it; if investors did not desire GameRun to use the money for its operations, they could have kept that money in a bank. Thus, Insalaco was required to show at a minimum that GameRun was insolvent, on the verge of insolvency, or had tried to transfer or conceal assets. *GameRun*, 2026

WL 2169847, at *8.[2] All that Insalaco has shown here is that, if GameRun could not use the money Insalaco invested with it, it would not be able to use the money for the purposes for which it stated that such investment would be put, *i.e.*, the hiring of employees and the payment of vendor contracts. Dkt. No. 64 at 6. In other words, GameRun would not have been able to use the money to build a business to be able to generate profits.

Finally, Insalaco has not addressed either the balance of hardship factors or the public interest factors. He does not dispute that, if his requested injunction were granted, GameRun and its investors would suffer substantial harm. GameRun solicited Insalaco's investment to develop its business so it could engage in a further private placement to the benefit of all of its constituents, including other investors who signed SAFE Agreements. *GameRun*, 2026 WL 2169847, at *2. The requested injunction would frustrate their ability to enjoy a return on their investment. *Id.* at *10. And, from a systemic perspective, while there is undoubtedly a public interest in persons who purchased securities in an offering that violates Section 5 of the Securities Act being able to enjoy the remedies to which the law entitles them if the defendant is adjudicated to have violated the law, there is also a public interest in not allowing a single investor who agreed to make an investment which would benefit all other investors to renege on that agreement when it has not shown that the offering in which it made the investment agreement was defective. *Id.* at *10–11.

[2] The Court assumes, without deciding, that such showing would be sufficient to establish irreparable harm.

## CONCLUSION

For the foregoing reasons, Insalaco's motion for an injunction pending appeal is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 62.

SO ORDERED.

Dated: August 5, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge