USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 08/19/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GAMERUN INC.,

Plaintiff,

-v-

MICHAEL INSALACO,

Defendant.

MICHAEL INSALACO,

Counterclaim Plaintiff,

-v-

GAMERUN INC.,

Counterclaim Defendant.

26-cv-4340 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant/Counterclaim-Plaintiff/Third-Party Plaintiff Michael Insalaco ("Defendant") has brought to the Court's attention his letter motion for leave to file under seal as Exhibit A to a supplement (the "Supplement") to his motion for an injunction pending appeal an August 2026 Investor Newsletter of Plaintiff/Counterclaim-Defendant GameRun Inc. Dkt. No. 68. Defendant asks that he be permitted to publicly file the Supplement with redactions applied to financial figures quoted from the Investor Newsletter and to file an unredacted copy of the Supplement and Investor Newsletter under seal. *Id.* While the Court has considered the content of Defendant's letter motion, as well as the public redacted versions of the Supplement and Exhibit

A filed at Dkt. No. 69, the motion is denied without prejudice for failure to follow the Court's Individual Practices in Civil Cases.

Attachment A to the Court's Individual Practices in Civil Cases requires a party seeking to make a filing under seal to file a letter motion in public view and to electronically relate the sealed document to the letter motion. *See* Individual Practices in Civil Cases, Chambers of Lewis J. Liman, Attachment A ¶¶ 1–3. Before the Court can grant a motion to seal and permit a judicial document to be maintained under seal, it must make "specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). The Court cannot do so blindly; it must be able to inspect the document at issue. Thus, it is not sufficient for Defendant to say that, if the Court grants his motion, "Defendant will follow the procedures for sealed filings set forth in Attachment A." Dkt. No. 68 at 2. If Defendant wishes the Court to grant his motion, he must follow the procedures in Attachment A that permit the Court to consider whether that motion should be granted.

Treating Defendant's letter motion seeking sealing as a motion for the Court to reconsider its Order denying the motion for a preliminary injunction and for an injunction pending appeal, the letter motion provides no basis for the Court to reconsider either ruling. The information in the Investor Newsletter that Plaintiff expects to earn revenue on Defendant's investment does not call into question the testimony from Plaintiff's co-founder that, if Plaintiff were not able to use Defendant's investment and if a rolling freeze were put on Plaintiff's funds, Plaintiff's business would be imperiled. *See* Dkt. No. 29-1 ¶ 21. That Plaintiff apparently is able to enjoy a return on investment with the funds Defendant has invested in Plaintiff's business

reinforces the conclusion that Defendant has not shown that he would face irreparable harm if this case is permitted to run its course without a preliminary injunction being put in place.

The motion at Dkt. No. 68 is DENIED. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 68.

An Initial Pretrial Conference will be held in this matter on September 3, 2026 at 3:00 p.m. The conference will be held remotely via Microsoft Teams. The parties will be provided with a link to participate in the proceedings by email in advance of the conference. The public may access the proceedings by dialing into the Court's audio-only teleconference line at 646-453-4442 and using Conference ID# 358639322. Parties are to jointly submit, by one week prior to the conference, a proposed Case Management Plan and Scheduling Order consistent with the Court's Individual Practices.

SO ORDERED.

Dated: August 19, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge